

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2008

# Weisberg v. Riverside Twp Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4190

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Weisberg v. Riverside Twp Bd Ed" (2008). *2008 Decisions.* Paper 1726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4190
_____

CHARLES WEISBERG;
GAIL WEISBERG

v.

RIVERSIDE TOWNSHIP BOARD OF EDUCATION;
J. ALAN FERNER;
JODI LENNON j/s/a,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-00758)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2008

Before: FISHER, HARDIMAN and STAPLETON, *Circuit Judges*.

(Filed: January 18, 2008 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Plaintiff Charles Weisberg instituted a lawsuit on a variety of theories averring that his employer, defendant Riverside Township Board of Education ("Riverside"),[1] failed to properly accommodate his alleged disability, which he had acquired as the result of an accident at work. The District Court granted summary judgment for Riverside and dismissed Weisberg's claims in their entirety, but denied Riverside's motion for attorney fees and sanctions against Weisberg. Riverside appeals from the denial of attorney's fees, alleging that Weisberg's underlying disability claim was frivolous and that the District Court abused its discretion in not imposing attorney fees. Riverside also appeals from the denial of sanctions, arguing that Weisberg delivered false deposition testimony in "bad faith" and that the District Court likewise abused its discretion in not imposing sanctions for this behavior, or in the alternative, that the District Court should have held a "proof hearing" to determine the validity of Weisberg's excuse for having delivered the false deposition testimony.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

---

[1] J. Alan Ferner and Jodi Lennon are also listed as defendants in this case. For ease of reference, all of these defendants will be referred to as "Riverside."

2

Weisberg has been an employee of Riverside since 1972 as director of the Child Study Team. On June 19, 1998, while at work, Weisberg sustained a head and shoulder injury when a wooden speaker weighing approximately four pounds fell on his head and shoulders. Weisberg's lawsuit alleges that this led to "post-concussion syndrome," a condition which caused him extreme fatigue, difficulty focusing, headaches, and sensitivity to loud noises. Because of this condition, Weisberg asked Riverside for a series of accommodations that included placing all directives in writing, granting additional notice and resources for the completion of projects, limiting his workday to a maximum of eight hours, and providing a quiet, distraction-free working environment. In practical terms, Weisberg claimed that his "extreme fatigue" required him to work a maximum of forty hours per week, and to adjust the number of hours in his subsequent work days accordingly if he was required to stay later than 4:00 p.m. on a particular day. This would essentially prevent him from attending after-school events, including Board of Education meetings. Because of his sensitivity to loud noises, Weisberg further claimed that he could no longer chaperone other school events, such as basketball games and school dances. Conflict with Riverside over these and other "accommodations" ultimately prompted Weisberg to institute a lawsuit under the Americans with Disabilities Act ("ADA"), alleging that due to his condition, he was disabled under the Act and eligible for statutory relief.

At Weisberg's October 29, 2001 deposition, Riverside posed a series of questions regarding Weisberg's actions on the Monday night prior to that day's deposition. He

3

initially told counsel that he did not remember what he had done the previous Monday night, but after additional questioning he stated that he had watched the New York Giants football game at home alone. Weisberg went on to state that because of his "disability" there was no way that he could have attended the game; had he done so, he would have been so fatigued afterwards, that he would have been forced to take the next day off from work. Unbeknownst to the plaintiff, and contrary to his testimony, a private investigator had videotaped him on that previous Monday night, meeting with a group of fans, driving to Giants Stadium, tailgating in the parking lot, entering the stadium, attending the full game, exiting after midnight and returning home shortly before 2:00 a.m. Weisberg had not, in fact, asked for the following day off from work, despite the alleged restrictions imposed by his "extreme fatigue."

When Weisberg was confronted with this discrepancy, he attributed his previous deposition testimony to "false memory syndrome" and presented a letter from Dr. Mark Rader explaining that individuals with brain injuries sometimes "concoct" stories that they sincerely believe to be true when placed under stressful conditions. It is not clear that Dr. Rader ever personally treated Weisberg, but in any event his letter merely explained "false memory syndrome" generally and did not conclusively diagnose Weisberg with "false memory syndrome." Weisberg also presented the affidavits of his wife and a friend, Charles Pratt, stating that they had witnessed similar instances when Weisberg had exhibited memory problems. The District Court ultimately found that Weisberg had produced insufficient evidence that he was "disabled" under the Act, and

4

granted summary judgment for Riverside on all claims. We affirmed that judgment on May 11, 2006. *Weisberg v. Riverside Twp. Bd. of Educ.*, 180 F. App'x 357 (3d Cir. 2006) (not precedential).

Riverside also filed a motion for attorney's fees under the ADA and sanctions pursuant to the court's inherent powers. The District Court found that although Weisberg had not presented evidence of a disability sufficient to withstand summary judgment, he had presented "some evidence" that he was impaired by "post-concussion syndrome," and therefore his claim was not "frivolous, unreasonable, or without foundation." *Weisberg v. Riverside Twp. Bd. of Educ.*, No. Civ. 01-758 (RBK), 2005 WL 2000182, at *1 (D.N.J. Aug. 18, 2005) (unreported) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). The District Court also determined that it had the power to impose sanctions against Weisberg if it found that he had acted in "bad faith," *id.* at *2 (citing *Chambers v. NASCO*, Inc., 501 U.S. 32, 45-46 (1991). While the District Court acknowledged that Weisberg's "false memory syndrome" excuse was "somewhat dubious," it found that the supporting evidence "casts enough doubt" on Weisberg's purported bad faith for the Court to exercise its discretion in refraining from imposing sanctions on that basis. *Id.* at *3.

## II.

We have jurisdiction over appeals from orders of the District Court under 28 U.S.C. § 1291. We review determinations by the District Court regarding the imposition of attorney's fees for abuse of discretion. *Lanni v. New Jersey*, 259 F.3d 146 (3d Cir.

2001); *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d. Cir 1997). "We also review an award of sanctions pursuant to the court's inherent powers for an abuse of discretion." *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 278 F.3d 175, 181 (3d Cir. 2002).

### III.

Under the "fee-shifting provision" of the ADA, 42 U.S.C. § 12205, a district court is empowered to award attorney's fees to a prevailing party at its discretion. "In *Christiansburg*, the Supreme Court clarified that the standard for awarding attorney's fees to prevailing defendants is not the same as the standard for prevailing plaintiffs." *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 750 (3d Cir. 1997) (citing *Christiansburg Garment Co.*, 434 U.S. 412).[2] In such a case, the district court may impose fees if the action was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. The decision to award fees to a prevailing defendant is not based on "hard and fast rules" and should be made on a "case-by-case basis." *L.B. Foster Co.*, 123 F.3d at 751. While not an exclusive list, we have considered such factors as whether the plaintiff established a prima facie case; whether the defendant offered to settle; whether the trial

---

[2]*Christiansburg* dealt with a Title VII fee-shifting provision while the case at bar involves the fee-shifting provision of the ADA. As the District Court points out, we have not yet addressed whether and how *Christiansburg* and its progeny apply to ADA cases in the Third Circuit. *Weisberg*, 2005 WL 2000182, at *1. However, as both parties assume that *Christiansburg* and its progeny apply to the present case, we will similarly assume that they apply for purposes of our review here, as the question of whether this is in fact the appropriate standard is not squarely before us.

6

court dismissed the case prior to trial; whether the question was one of first impression; and whether the plaintiff risked a "real threat of injury[.]" *See id.*; *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). As the District Court acknowledges, some of these factors support Riverside's argument, particularly the fact that Weisberg did not establish a prima facie case, did not show a real threat of injury, the defendants did not offer to settle, and the issue was not novel or one of first impression. However, we agree with the District Court that the evidence that Weisberg presented, while inadequate, especially in light of Weisberg's credibility, to support even a prima facie case for disability, illustrated that he likely does, in fact, suffer from some sort of medical condition affecting his "concentration, vision, mood and energy" and that his claim cannot therefore be said to be wholly "without foundation." Thus, the District Court did not abuse its discretion when it declined to award attorney's fees to Riverside.

With regard to sanctions, the District Court correctly found that courts possess an inherent power to assess sanctions where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46. On appeal, Riverside presses its claim that the District Court abused its discretion by not imposing sanctions against Weisberg for his false deposition testimony that he did not attend the New York Giants game when he in fact did so. The sole excuse offered by Weisberg is "false memory syndrome," a condition never claimed by Weisberg prior to his false statement. As Riverside correctly notes, the physician's letter he presents to the Court merely describes the condition, but does not diagnose Weisberg with it. While this

7

certainly weakens Weisberg's case, he does provide some corroboration in the form of the affidavits of his wife and Charles Pratt, who state that they have witnessed similar memory lapses in the past, as well as the evidence of his head injury generally. While his excuse stills strains credulity, the District Court is committed with the discretion to impose sanctions and we see no compelling reason to disturb its decision on this issue. The District Court, being more directly familiar with this case, this plaintiff, and the context of these statements, is in a better position than we are in making such a determination. We therefore decline to find that the District Court abused its discretion in this case. In addition, Riverside offers no legal support for the proposition that we must remand for a "proof hearing" in this matter. Because the District Court has not abused its discretion in not granting sanctions, we see no compelling reason to grant such a request. Moreover, we find appellant's additional arguments unavailing.

## IV.

For the foregoing reasons, we will affirm the order of the District Court.